EDWIN A. LOMBARD, Judge.
1 ,The plaintiff, Michael W. Reed, appeals the partial summary judgment dismissing the claims asserted under the Jones Act, 46 U.S.C. § 688, et seq., in this personal injury lawsuit against his employer, Key Energy Services, L.L.C. After de novo review, we find that a genuine issue of material fact exists and reverse the judgment of the trial court.

Relevant Facts and Procedural History

The plaintiff was allegedly injured on June 30, 2008, while working within the course and scope of his employment with defendant Key Energy Services, L.L.C. (Key Energy). The accident purportedly occurred while the plaintiff was pulling wire on an oil rig, Key Rig #51. In his lawsuit, the plaintiff seeks recovery under both the Jones Act and General Maritime Law.
In its motion for partial summary judgment, Key Energy moved for dismissal of the plaintiffs Jones Act claim, asserting that in accordance with Chandris, Inc. v. Latsis, 515 U.S. 347, 115 S.Ct. 2172, 132 L.Ed.2d 314 (1995) the plaintiff was not a Jones Act seaman because he spent less than 15% of his time as a Key Energy employee working on a vessel. The trial court agreed, finding that the plaintiff was not a Jones Act seaman because his time on a vessel was far less than the 30% rule set|2by Chandris and that the plaintiff did not qualify under any of the exceptions to the Chandris rule. Accordingly, the trial court dismissed the plaintiffs Jones Act claims against Key Energy.
The plaintiff appeals, contending that the trial court erred in finding that he was *547 not a Jones Act seaman and in dismissing his Jones Act claims against his employer.

Applicable Law

On appeal, a summary judgment is reviewed de novo, “using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate; i.e. whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law.” Samaha v. Rau, 07-1726, pp. 3-4 (La.2/26/08), 977 So.2d 880, 882-883.
Summary judgment is proper “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ. Proc. art. 966(B). The mover has the initial burden of producing evidence in support of its motion and can ordinarily meet this burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent’s case. Schultz v. Guoth, 10-0343, p. 4 (La.1/19/11), 57 So.3d 1002, 1006 (citing Samaha, 07-1726, p. 4, 977 So.2d at 883). “At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates that he or she will be able to meet the burden at trial.... Once the motion for summary judgment has been properly supported by the moving party, lathe failure of the non-moving party to produce evidence of material factual dispute mandates the granting of the motion.” Id. (citations omitted).
The Jones Act, the applicable theory of recovery before us, states in pertinent part that “[a]ny seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply....” 46 U.S.C.A. § 688(a). To determine whether an employee qualifies for Jones Act seaman status (and, thus, the benefits of that status), “the total circumstances of an individual’s employment must be weighed to determine whether he had sufficient relation to the navigation of vessels and the perils attendant thereon.” Chandris, 515 U.S. at 368, 115 S.Ct. 2172. Thus, “the ultimate inquiry is whether the worker in question is a member of the vessel’s crew or simply a land-based employee who happens to be working on the vessel at a given time.” Wisner v. Professional Divers of New Orleans, 98-1755 (La.3/2/99), 731 So.2d 200, 204 (citing Chandris, supra). The well-settled test to determine Jones Act seaman status is two-part: (1) whether the employee’s duties contributed to the function of the vessel or accomplishment of its mission; and (2) whether that employee had a connection to a vessel in navigation which was substantial both in terms of duration and nature. Chandris, supra; Wisner, supra.
Generally, the first prong is easily satisfied as “[a]ll who work in the service of a ship” are potential seaman. Chandris, 515 U.S. at 368, 115 S.Ct. 2172 (citation and internal quotation omitted). However, the second prong — the duration requirement — is the more difficult obstacle because “[t]he fundamental purpose of [ ] substantial | connection requirement is to give full effect to the remedial scheme created by Congress and to separate the sea-based maritime employees who are entitled to Jones Act protection from those land-based workers who have only a transitory or sporadic connection to a vessel in navigation, and therefore whose employ *548 ment does not regularly expose them to the perils of the sea.” Chandris, 515 U.S. at 368, 115 S.Ct. 2172. Thus, the guideline as adopted by the U.S. Supreme Court is that a “worker who spends less than about 30 percent of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act.” Chandris, 515 U.S. at 364, 115 S.Ct. 2172.

Discussion

On motion for summary judgment, Key Energy points out that the plaintiff does not qualify as a Jones Act seaman because he spent less than 15% of his time working on a vessel, far short of the 30% guideline for seaman status. In support of this assertion, Key Energy submits the affidavit of its Human Resources Manager, Mark Manuel, and the daily worksheets recording the plaintiffs work record. According to the worksheets, the plaintiff was employed by Key Energy for a total of 232 days, including the 66 day period in which he worked through the temporary staffing agency, Willstaff, Inc. Key Energy has two divisions: a Marine Division which operates barge rigs and a Land Division which operates truck rigs. Each Key Energy employee is assigned to one division or the other with any transfer between divisions being documented by a Position/Location form identifying the employee and the division into which he is transferred. As asserted by Mr. Manuel in his affidavit, the worksheets indicate that: (1) the plaintiff worked for Key Energy while employed by Willstaff for 66 days, none of which were on a vessel; (2) the plaintiff was a direct employee of Key Energy in its Land | (¡Division for a total of 166 days beginning in January 2008; (3) for 68 of the 166 days as an employee of Key Energy’s Land Division, the plaintiff worked at land-based well locations; (4) for 65 of the 166 days as an employee in Key Energy’s Land Division, the plaintiff worked at the Key Energy yard in Lafayette, Louisiana; (5) for 33 of his 166 days of employment with Key Energy, including the day he was injured, the plaintiff worked on a vessel.
In response, the plaintiff submits he qualifies as a Jones Act seaman. In support, he points to (1) his own testimony that he believed he was a member of the Marine Division; (2) the work tickets indicating that he spent a significant amount of time working as a seaman, including the twenty-three days preceding the accident; and (3) the deposition testimony of Mr. Manuel wherein he concedes that the work tickets do not reflect with certainty whether the plaintiffs employment was land or marine based and, notably, that the work ticket for the day of the accident (when the plaintiff was inarguably on a rig over water) reflects land-based employment.
The plaintiff clearly satisfies the first prong of the test. With regard to the second prong, however, we find there is a genuine issue of material fact as to whether the plaintiff was a Jones Act seaman based on Mr. Manuel’s concession that the work tickets do not reflect with certainty whether the plaintiffs employment was land or marine based. As such, Key Energy is not entitled to judgment as a matter of law.

Conclusion

After de novo review, we find a genuine issue of material fact exists as to whether the plaintiff qualifies for Jones Act seaman status. Accordingly, the | judgment of the trial court granting summary judgment and dismissing the plaintiffs Jones Act claims is reversed.
REVERSED.